TAD/JN:AJE
F. #2021R00827

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JIAN AI CHEN,
    also known as "Maggie,"

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INFORMATION

Cr. No. 21-494 (RJD)
(T. 18, U.S.C., §§ 371, 982(a)(7),
982(b)(1), 1349 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

THE UNITED STATES CHARGES:

INTRODUCTION

          At all times relevant to this Information, unless otherwise indicated:

I.    Background

      A.    The Medicare and Medicaid Programs

          1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

          2.    Medicare was divided into multiple parts.  Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare.  Medicare beneficiaries could obtain Part D benefits in two ways: (a) by joining a prescription drug plan, which covered only prescription drugs, or (b) by joining a Medicare Advantage Plan, which covered both prescription drugs and medical services (collectively, "Part D Plans").  These Part D Plans were

operated by private companies, often referred to as drug plan "sponsors," that were approved by Medicare.

        3.      The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were similarly referred to as Medicaid "beneficiaries."

        4.      In New York State, Medicaid provided coverage to its beneficiaries for prescription drugs. Medicaid beneficiaries could obtain their prescription drug benefits from pharmacies either through "fee-for-service" enrollment or through "Medicaid Managed Care Plans," which were administered by private insurance companies that were paid by Medicaid.

        5.      As part of their insurance benefits, some Medicare and Medicaid beneficiaries received a certain amount of credit per month that could be spent on eligible over-the-counter ("OTC") non-prescription items such as analgesics, diabetes supplies, antihistamines, weight management supplies, sleep aids, vitamins, toothpaste, durable medical equipment and other items. The monthly OTC credit was pre-loaded onto debit cards known as "over-the-counter cards" or "OTC Cards," which were issued to beneficiaries by the plan sponsors. Any funds that were not used by the end of the month were forfeited, and the OTC Cards were reloaded each month with refreshed funds. Pharmacies generally dispensed OTC benefits to beneficiaries by swiping the OTC Cards, like debit cards, through an electronic payment system.

        6.      Medicare, Part D Plans, Medicaid and Medicaid Managed Care Plans each qualified as a "health care benefit program," as defined by Title 18, United States Code, Section

2

24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

      B.    The Defendant and Relevant Entities

      7.    The defendant JIAN AI CHEN, also known as "Maggie," resided in Syosset, New York and Brooklyn, New York.

      8.    Clinic 1, the identity of which is known to the United States, was a medical practice located in Brooklyn, New York. The defendant JIAN AI CHEN was an employee of Clinic 1.

      9.    Pharmacy 1 and Pharmacy 2, both companies the identities of which are known to the United States, were pharmacies located in Brooklyn, New York near Clinic 1 (together, the "Scheme Pharmacies"). Pharmacy 1 was registered as a pharmacy establishment with the State of New York since approximately September 2008, and Pharmacy 2 was so registered since approximately March 2016.

      10.    Individual 1, an individual whose identity is known to the United States, was listed as an owner and officer of the Scheme Pharmacies in registration materials filed with the New York State Board of Pharmacy, but Individual 1 was generally not involved in the operations or decision-making of the Scheme Pharmacies. Individual 1 was the defendant JIAN AI CHEN's former spouse.

      11.    Doctor 1, an individual whose identity is known to the United States, was a physician who worked at Clinic 1 in or about and between at least 2019 and 2021.

      12.    Company 1, an entity the identity of which is known to the United States, was a supermarket located near the Scheme Pharmacies in Brooklyn, New York.

      13.    Company 2, an entity the identity of which is known to the United States, was a company owned by a relative of Doctor 1.

3

II.     The Health Care Fraud and Kickback Scheme

        14.     In or about and between January 2010 and January 2021, the defendant
JIAN AI CHEN, together with others, agreed to execute and executed a fraudulent scheme at the
Scheme Pharmacies whereby claims were submitted to Part D Plans, Medicaid and Medicaid
Managed Care Plans that were procured by the payment of bribes and kickbacks and for drugs
that were not actually dispensed to beneficiaries.

        15.     In particular, the defendant JIAN AI CHEN, together with others, agreed
to pay and caused to be paid kickbacks and bribes: (a) to customers in exchange for the ability to
bill their insurance for pharmaceutical products; (b) to Doctor 1 in exchange for the referral of
beneficiaries to the Scheme Pharmacies; and (c) to Individual 1, including in the form of
purported wages and salary for Individual 1, in exchange for CHEN's referral of beneficiaries to
the Scheme Pharmacies.  CHEN, together with others, further agreed to submit and caused to be
submitted false and fraudulent claims to Part D Plans, Medicaid and Medicaid Managed Care
Plans for dispensing prescription drugs that were: (a) not eligible for payment by Medicare and
Medicaid because, inter alia, they were dispensed in connection with the payment of kickbacks
and bribes; and (b) never dispensed to customers.

        16.     In order to generate business and retain customers, the defendant JIAN AI
CHEN, together with others, agreed to offer and pay kickbacks and bribes to Medicare and
Medicaid beneficiaries in exchange for the ability to bill those beneficiaries' insurance plans for
dispensing prescription drugs.  These kickbacks and bribes included, among other things, cash
and so-called "coupons," which were gift certificates to local supermarkets.

        17.     The defendant JIAN AI CHEN, together with others, agreed that the
employees of the Scheme Pharmacies would supply gift certificates to beneficiaries to induce
them to fill their prescriptions at the Scheme Pharmacies.  In furtherance of the scheme,

4

employees of the Scheme Pharmacies frequently purchased gift certificates by writing checks drawn on the Scheme Pharmacies' bank accounts and made payable to local supermarkets, including Company 1.  Employees of the Scheme Pharmacies also provided cash bribes and kickbacks to beneficiaries in exchange for swiping a beneficiary's OTC Card, even though no actual OTC item or product was provided to the beneficiary.

18.     In or about and between January 2012 and January 2021, the Scheme Pharmacies paid approximately $5 million for gift certificates to supermarkets located near the Scheme Pharmacies.

19.     In addition, the defendant JIAN AI CHEN, together with others, agreed to pay Doctor 1 to induce Doctor 1 to refer beneficiaries to the Scheme Pharmacies.  In particular, payments were made from the Scheme Pharmacies' bank accounts for the benefit of Doctor 1, including by making payments to Company 2, among others.

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

20.     The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

21.     In or about and between January 2010 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JIAN AI CHEN, also known as "Maggie," together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud Part D Plans, Medicaid and Medicaid Managed Care Plans, all health care benefit programs, as that term is defined under Title 18, United States Code, Section 24(b), and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Part D Plans, Medicaid and Medicaid Managed Care Plans, in connection

5

with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551, et seq.)

## COUNT TWO
(Conspiracy to Offer and Pay Health Care Kickbacks)

22. The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between January 2010 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JIAN AI CHEN, also known as "Maggie," together with others, did knowingly and willfully conspire to offer and pay kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, to persons to induce such persons to purchase, lease, order, and to arrange for and recommend purchasing, leasing and ordering services and items for which payment may have been made, in whole and in part, under Part D Plans, Medicaid and Medicaid Managed Care Plans, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(B).

24. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant JIAN AI CHEN, also known as "Maggie," together with others, committed and caused the commission of, among others, the following:

### OVERT ACTS

(a) On or about December 30, 2011, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $2,500.

6

(b)     On or about December 7, 2018, a check was written from a bank account held in the name of Pharmacy 2 and made payable to Company 1 in the amount of $5,000 bearing the memo note "coupon."

(c)     On or about August 1, 2020, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $8,000 bearing the memo note "coupon."

(d)     On or about August 2, 2020, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $6,000 bearing the memo note "coupon."

(e)     On or about August 6, 2020, a check was written on a bank account held in the name of Pharmacy 2 and made payable to Company 1 in the amount of $9,000 bearing the memo note "coupon."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

25.     The United States hereby gives notice to the defendant that, upon her conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

26.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

7

        (b)      has been transferred or sold to, or deposited with, a third party;

        (c)      has been placed beyond the jurisdiction of the court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture

allegation.

      (Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United

States Code, Section 853(p))

JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

8

F.#: 2021R00827

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

JIAN AI CHEN,

Defendant.

# INFORMATION

(T. 18, U.S.C. §§ 371, 982(a)(7), 982(b)(1), 1349 and 3551 et seq.; T. 21,
U.S.C. § 853(p)))

*A true bill.*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Andrew Estes, Trial Attorney (718) 254-6250**