

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DJ:AE
F. #2021R00827

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 20, 2023

BY ECF

The Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    United States v. Jian Ai Chen
       Criminal Docket No. 21-494 (RJD)

Dear Judge Gonzalez:

The government writes in connection with the defendant's request to withdraw her guilty plea.  (ECF No. 25).  For the reasons stated below, based on the unique circumstances of this case, the government does not oppose the defendant's motion to withdraw her plea and waiver of right to indictment.  If the Court grants the motion, the government respectfully moves to withdraw its notice of intent to proceed pursuant to Federal Rule of Criminal Procedure 7(b) (ECF No. 1), and this docket may be closed, without prejudice to the government instituting a new action.

I.    Background

On September 13, 2021, the defendant waived her right to prosecution by indictment and pleaded guilty before the Honorable Raymond J. Dearie to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and conspiracy to offer and pay health care kickbacks, in violation of 18 U.S.C. § 371.  (ECF Nos. 4-6).  In November 2021, the defendant obtained new counsel, who reached out to the government to discuss the defendant's case and began discussing certain issues with the defendant's plea.  In March 2022, counsel for the defendant provided the government with a two-hour long audio recording in Cantonese, which the government subsequently translated.  Based on the government's review of the translation of that recording, as well as its own subsequent investigation, it appears that prior to entering the plea agreement and pleading guilty, the defendant had the terms of the agreement explained to her by an individual who was not an attorney, and who did not accurately describe significant consequences of pleading guilty.  Counsel for the government and the defendant discussed at

length whether the defendant still wished to plead guilty, exploring the possibility of ratifying or amending the plea agreement.   Ultimately, the defendant chose to move to withdraw her plea.

II.    Analysis

As the Second Circuit has recognized, "[a] guilty plea is no mere formality, but a 'grave and solemn act.'"   United States v. Arteca, 411 F.3d 315, 319 (2d Cir. 2005) (quoting United States v. Hyde, 520 U.S. 670, 677 (1997)).   Where, as here, the defendant has not been sentenced, the Court "has discretion, pursuant to Fed. R. Crim. P. 11(d), to allow a defendant to withdraw a guilty plea if there are valid grounds for withdrawal and if granting the motion would be fair and just, giving due regard to any prejudice the government might suffer as a result."   Id. (internal quotations omitted).   Nonetheless, defendants have "no automatic entitlement to have such a motion granted, for society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice."   United States v. Maher, 108 F.3d 1513, 1529 (2d Cir. 1997) (internal quotation marks and alterations omitted).

Among other bases, "[i]neffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plea guilty."   Arteca, 411 F.3d at 319.   In addition, under certain circumstances, an incorrect explanation of the consequences of the plea can also support the withdrawal of the plea as not knowing and voluntary.   See, e.g., United States v. Harrison, 241 F.3d 289, 294 (2d Cir. 2001) (incorrect explanation of mandatory minimum term of imprisonment and other circumstances "cast doubt on whether [the] guilty plea was knowing and voluntary"); United States v. Harrington, 354 F.3d 178, 186 (2d Cir. 2004) (remanding to permit withdrawal of guilty plea when defendant was incorrectly informed that there was a mandatory minimum and was not advised of the possibility of restitution).

Based on the circumstances of this case, the government does not oppose the defendant's motion to withdraw her guilty plea and waiver of indictment.

Respectfully submitted,

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By:    /s/ Andrew Estes
Andrew Estes
DOJ Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
718-254-6250

2

cc:      Counsel of Record (ECF)